Marty Waldo FARRINGTON,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16034.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Don Anderson, Public Defender, for plaintiff in error.

No response from Attorney General.

BUSSEY, Judge:

Marty Waldo Farrington, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Receiving and Concealing Stolen Property; his punishment was fixed at ten years imprisonment in the state penitentiary, and he appeals.

On the trial, Tony Drachenberg testified that he operated a jewelry store in Webb City, Missouri (T 20), which was burglarized sometime between December 22, 1969, and the following Monday morning by entry through a hole in the ceiling. Merchandise and cash were taken in excess of $18,000.00 value. He identified part of it at the Oklahoma City Police Station, being contents of State's Exhibits One and Two (T 26 & 27).

Douglas Phipps, of the Oklahoma City Police Department, testified that his stepfather, D. H. Sanders, operates a pawn shop at 2506 South Robinson in Oklahoma City and on Saturday night, December 27, 1969, he had a conversation with Sanders, as a consequence of which he returned to Sanders' trailer home about 1:30 p. m. the next day. He saw a car come in the driveway and secreted himself in the front bedroom. Defendant then entered the trailer house carrying some boxes and went into the back bedroom with Sanders. He heard defendant tell Sanders that the merchandise was stolen, whereupon Phipps went into the back bedroom and saw jewelry strewn "all over the bed," and identified one watch in court as one he had seen on the bed. (T 41). He testified that defendant, introduced as Marty, handed him two watches saying, "Look at them. They're nice. Give me a price on them." (T. 44). Phipps declined and then left. Phipps then had a conversation with Officer Johnson, of the Oklahoma City Police Department, the following day, and a further conversation with Sanders. Phipps next saw defendant at Sanders' pawn shop the following Tuesday.

Officer Johnson of the Oklahoma City Police Department, testified that on Monday, December 30, 1969, he had a conversation with Officer Phipps, as a result of which he and two other officers set up surveillance of the pawn shop. About 11:15 defendant and another arrived in a car and defendant entered the shop, followed shortly by the other person, who carried two blue suitcases. Soon the latter emerged without the suitcases and was arrested. Johnson then went into the pawn shop and saw the shop operator standing by the restroom door and saw defendant inside the restroom sitting on the stool. The larger suitcase was open on defendant's lap and the smaller case was on the floor beside him. Defendant stated his name was "Wilson," but produced identification of Farrington. Johnson arrested him. The suitcases contained a large quantity of jewelry which, from the store name on the box and a call to the store, Johnson ascertained came from the Webb City jewelry store burglary.

There are two assignments of error urged on appeal, neither of which possess sufficient merit to warrant discussion in this opinion; suffice it to say that the evidence overwhelmingly supports the verdict of the jury; the punishment imposed is well within the range provided by law; and the record is free of any error which would justify modification or reversal. Under such circumstances, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.