**Willie Gee MAYHAN, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16157.**

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Willie Gee Mayhan, hereinafter referred to as defendant, was charged by information with the crime of Assault with a Deadly Weapon with Intent to Kill, in the District Court of Oklahoma County, Case No. CRF–69–2926. Defendant was tried before a jury which found him guilty and fixed punishment at 20 years imprisonment. Judgment and sentence was imposed on May 28, 1970, in accordance with the verdict and this appeal perfected therefrom. Defendant was im-

prisoned at the state penitentiary on July 8, 1970. Although defendant was represented in the trial court by retained counsel, the appeal was perfected by the Oklahoma County Public Defender at state expense.

Specifically, defendant was charged with assaulting Edmond James Williams with a pistol on December 6, 1969.

Edmond James Williams testified that on that date he was eating breakfast in a cafe about 6:30 A.M. when defendant walked in with his girl friend who said, "There he is. Are you going to do what you said you were going to do?" Defendant sat at Williams' table and kept asking Williams to step outside. Defendant demanded a dollar he claimed Williams owed him and Williams gave him a dollar which defendant threw back. Defendant then returned to his girl friend's table, telling Williams that if the latter "turned that way" defendant would kill him. Williams testified: "I looked around and he started shooting." Williams was hit twice and ran into the restroom, locking the door, and defendant fired four or five more times. Williams denied owing defendant money, denied provoking defendant, and denied going for his pocket or making any sort of move toward defendant.

David Greenleaf testified that he was in the cafe that morning with defendant and one Barbara Fay Baker. They ordered food and defendant went over to Williams' table, but he could not hear the conversation. He did hear defendant claim that Williams owed defendant a dollar, and saw Williams give defendant a dollar. Defendant then returned to his own table and declared that "if he looked at him again or his direction, he would shoot him." Defendant then stood up with a revolver in his hand and Williams stood up, backing away, and asking what was wrong. Defendant then fired as Williams turned to run for the restroom, Greenleaf counting four shots the first time. Defendant went outside and came back in and fired two more shots toward the restroom. Green-

leaf did not see any weapon on Williams, nor did he see Williams make any sort of move for his pocket or toward defendant.

The only defense witness, Barbara Fay Baker, testified that she and defendant went to the cafe that morning for breakfast. Defendant saw Williams there and said he wondered if Williams would "let me have some of my money." There was a conversation between him and Williams, and she saw Williams jump up and fumble in his jacket, whereupon defendant "got up and started shooting" Williams. She testified that defendant had loaned Williams money. Defendant did not testify.

The only matters urged on review by the public defender are the sufficiency of the evidence and excessiveness of the punishment. It is apparent from the foregoing brief summary of the testimony that the jury had before it competent evidence from which it could reasonably conclude defendant was guilty. Although the defense witness' testimony indicates self-defense, it is the jury's role to weigh the evidence and they apparently rejected this theory after being properly instructed as to the law on self-defense.

Where the evidence overwhelmingly supports the verdict of the jury and the punishment imposed is well within the range provided by law, and the record is free of any error which would justify modification or reversal, the judgment and sentence appealed from will be affirmed. Farrington v. State, Okl.Cr., 476 P.2d 393 (1970). France v. State, Okl.Cr., 467 P.2d 526 (1970).

Although defendant was given the maximum sentence allowable, 21 O.S.1961, § 652, the facts indicate a deliberate attack without provocation in which defendant fired several shots at a retreating, unarmed man; ceased firing, left the room, returned and fired more shots into the restroom where the victim had fled. These facts support substantial punishment and modification is not justified where the record is free of error or indication the jury was improperly inflamed resulting in a sentence rendered by passion and prejudice.

Finding no reason to the contrary, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.